No. 18,602.

THE STATE OF KANSAS, *Appellee,* v. FRED B. MATTHEWS, *Appellant.*

HEADNOTE BY THE REPORTER.

CROSS-EXAMINATION—*Discrediting Questions—Judicial Discretion.* The limit of cross-examination for the purpose of discrediting a witness by inquiry touching his past life and conduct is ordinarily within the discretion of the trial court.

Appeal from Sumner district court; CARROLL L. SWARTS, judge. Opinion filed February 7, 1914. Affirmed.

*S. B. Amidon, D. M. Dale, Jean Madalene,* and *S. A. Buckland,* all of Wichita, for the appellant.

*John S. Dawson,* attorney-general, and *Harold W. Herrick,* county attorney, for the appellee.

*Per Curiam:* The questions propounded to witness
Scarth which were objected to followed his denial
that he had ever been arrested for stealing. They
did not relate to any proceedings of any kind brought
against him, nor to his character, nor to specific acts
of past conduct which would tend to disgrace or dis-
credit him. The district court was authorized to ex-
ercise its discretion over the limits of the cross-
examination and to sustain the objections.

The testimony of witness Loger was admitted for
the purpose of impeaching witness Knorr, proper foun-
dation for the impeachment having been laid. The
testimony was admissible for the purpose for which it
was offered, and the extent to which the jury might
consider it was properly limited by the instructions.

The assignments of error relating to the instructions
are all hypercritical. The law of the case was clearly
and fairly stated in as simple a manner as the nature
of the charge permitted. The instructions were per-
fectly comprehensible by the jury, and there is no indi-
cation that they were misled.

The judgment of the district court is affirmed.